**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lynn De Lisle, | No. CV-20-01535-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Terry Lynn De Lisle's Application for Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 26). Defendant SSA filed an Answering Brief (Doc. 28), and Plaintiff filed a Reply (Doc. 29). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 23), and it affirms the Administrative Law Judge's ("ALJ") decision (AR at 14-24) for the reasons addressed herein.

**I.   Background**

Plaintiff filed an Application for Social Security Disability Insurance ("SSDI") benefits on March 16, 2017, and an Application for SSI benefits on October 11, 2017, alleging a disability beginning on March 29, 2008. (AR 14). Plaintiff's claims were initially denied on May 18, 2017, and upon reconsideration on August 11, 2017. (*Id*.) A hearing was held before ALJ Pamela Fow Atchison on August 14, 2019. (*Id.* at 37-84).

Plaintiff was 47 years old at the time of the hearing and had held relevant previous employment as a secretary. (*Id.*) At the hearing, Plaintiff amended her alleged onset of disability date to November 28, 2017. It was explained to Plaintiff that, as a consequence of amending the date, she would no longer be eligible for SSDI benefits. Plaintiff agreed to amend the date and agreed that the amended date would result in the denial of her SSDI claim. Therefore, the ALJ dismissed the SSDI claim. (*Id.*) Plaintiff's SSI Application was denied in a decision by the ALJ on September 25, 2019. (*Id*. at 24). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairments of morbid obesity and asthma. (AR 16). While the ALJ noted that Plaintiff's severe impairments limited her ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a range of medium work, specifically her past relevant work as a secretary, and thus was not disabled. (*Id.* at 22).

Plaintiff argues that the ALJ erred in failing to give clear and convincing reasons to discount her subjective symptom testimony, in failing to give germane reasons to reject the opinions of Penny Burkett, PA-C, her physician's assistant, in failing to consider the opinion of Keith Cunningham, M.D., and in improperly making assumptions about the Vocational Examiner's ("VE") testimony. (Doc. 26). The Commissioner argues that the ALJ's opinion is free of harmful error and must be affirmed. (Doc. 28). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

**II.    Legal Standards**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.  Analysis**

Plaintiff argues that the ALJ erred in failing to give clear and convincing reasons to discount her subjective symptom testimony, in failing to give germane reasons to reject the

opinions of physician's assistant Burkett, in failing to consider the opinion of Dr. Cunningham, and in improperly relying on testimony from the VE. (Doc. 26). Plaintiff contends her case should be remanded for an award of benefits. (*Id.*) After reviewing the record, the parties' briefs, and applicable law, the decision of the Commissioner is affirmed.

### A. The ALJ provided germane reasons for giving minimal weight to the opinion of Penny Burkett, PA-C.

Plaintiff argues that the ALJ erred in rejecting Burkett's opinions, Plaintiff's "treating provider." (Doc. 29 at 7). However, at the time Plaintiff filed her Application, a physician's assistant was not an "acceptable" medical source, but rather was an "other source" opinion. *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017). Thus, to reject the opinion of a physician's assistant, the ALJ only needed to provide "germane" reasons for doing so. *Id.* at 906; *see also* 20 C.F.R. § 406.913(a) (defining acceptable medical sources as licensed physicians and psychologists), 416.913(d) (defining other sources as medical professionals not listed in subsection (a)); *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (per curiam) (ALJ need only give germane reasons to reject an "other source" opinion). Thus, while merely stating that Burkett's status as an "unacceptable" medical source would not be a germane reason to reject her opinion, the ALJ cited multiple reasons to give this opinion little weight. *See Camilli v. Berryhill*, No. 18-CV-06322-JSC, 2019 WL 3412921, at *8 (N.D. Cal. July 29, 2019) (citing *Popa*, 872 F.3d at 907).

Burkett submitted multiple check box questionnaires opining that Plaintiff was limited to less than sedentary work, would need to alternate between sitting and standing every one to twenty minutes, and would miss six or more days of work per month. (AR 757-58, 851-52, 871-72). The ALJ found these conclusions to be inconsistent with Plaintiff's medical records from the same period where progress notes indicate she was independently driving multiple times per week, managing medications, shopping at stores, and walking. (*Id.* at 21, citing 731-56). Thus, the ALJ determined that Burkett's opinions were not supported by the record and she gave them minimal weight. In making this

determination, the ALJ cited to medical evidence in the record that contradicted Burkett's opinion. (*Id.*) The Court finds that the ALJ provided germane reasons for giving little weight to this opinion. The ALJ did not err here.

> **B. The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony and the Agency did not err in failing to consider Dr. Cunningham's opinion.**

Plaintiff argues that the ALJ did not give legitimate and convincing reasons supported by substantial evidence for discounting her subjective symptom testimony. (Doc. 26 at 8-14). The Commissioner argues that the ALJ properly examined the medical evidence to determine that the record did not support Plaintiff's testimony as to the severity of her symptoms. (Doc. 28).

An ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations omitted)). In evaluating a claimant's pain testimony after a claimant produces objective medical evidence of an underlying impairment, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains his decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).

Plaintiff testified that she weighed approximately 440 to 450 pounds, and medical records noted her body mass index of 76 classified her as morbidly obese. (AR 20). Plaintiff stated that she could stand or walk for about a minute at a time, could not walk more than a few feet, and could sit for 30 minutes at a time. (AR 71-72). Plaintiff also noted numbness in her hands. (*Id.* at 56-57). She testified that she had bouts of bronchitis and lost her voice for 3-4 months at one time and that her voice improved when she stayed

indoors. For these reasons, Plaintiff testified that she was unable to do any work. (*Id.*)

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical evidence, including her own statements and testimony regarding activities of daily living. (*Id.* at 26-28). In so finding, the ALJ noted that, due to the amended onset of disability date, very few medical records and opinions were provided within the relevant period. The ALJ discussed that Plaintiff reported driving independently two to three times per week for approximately one hour, that she could go to the grocery store and Walmart on occasion, and that she prepared simple meals. Plaintiff reported independently managing daily hygienic care, medications, and finances, and was able to dress herself but needed assistance with socks and shoes. (AR 21, 731-56). Moreover, the ALJ discussed that Plaintiff's father, who has dementia, lived with her and she supported him emotionally. Plaintiff testified that a great deal of her time during the relevant period was spent taking care of her elderly parents. (*Id.*) Moreover, the ALJ cited medical records showing that Plaintiff's asthma and sleep apnea were well-controlled with medications and a CPAP machine.[1] (*Id.*)

The ALJ properly concluded that the examinations in the medical record did not support Plaintiff's claims of disabling limitations, and therefore, properly found that her subjective symptom testimony was not persuasive. *See Thomas*, 278 F.3d at 954 ("[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). The Court finds that the ALJ

---

[1] Plaintiff appears to argue that the ALJ did not credit her testimony that she experienced "extreme limitations" because of the combination of her impairments, including sleep apnea and arthritis of her knees, when determining that those impairments were not severe. (Doc. 26 at 9-10). However, while the ALJ did discuss Plaintiff's other medical impairments, including sleep apnea and arthritis, he determined those impairments to be non-severe and Plaintiff has not challenged the ALJ's step two findings. Therefore, the Court will not consider these arguments. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) ("[The Court] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.").

provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony. *See Brown-Hunter*, 806 F.3d at 488–89.

      **C.    Plaintiff has not established good cause to include the opinions of Dr. Cunningham.**

Plaintiff also argues that an October 2019 report from consultive examiner, Dr. Cunningham, notes that Plaintiff "had severe sleep apnea and end-stage knee arthritis," supporting her subjective symptom testimony. (Doc. 26 at 10). Plaintiff argues that "despite the consistency of the evidence on this issue," the ALJ found Plaintiff's testimony to be not credible and found her capable of returning to work. (*Id.*) Plaintiff asserts that "Dr. Cunningham's evaluation, based on a physical examination and record review, is one of the most thorough evaluations in the record. Yet, it was not considered or weighed by the Administration." (Doc. 26 at 18). However, the reason this report was not considered by the ALJ is that it was authored in October 2019, a month after the ALJ's negative decision in September 2019. Plaintiff attempts to respond to this inconsistency by stating that it was apparently a strategic decision not to get a consultive examination prior to the hearing. (*Id.* at 18-19). Plaintiff argues that, at the hearing, "[Plaintiff]'s attorney explained the state of the record and requested that the ALJ make a finding of disability based on Burkett's opinions, without the need for a consultative examination." (Doc. 26 at 19). Plaintiff states that rather than grant the Application for benefits as expected, the ALJ denied it. Plaintiff now argues that due to the "unexpected course of the ALJ's decision," Dr. Cunningham's opinion was sought. (*Id.*)

The Regulations do provide for inclusion of new evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). It is the plaintiff's burden to establish "good cause for having failed to present the new evidence to the ALJ earlier." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

Here, Plaintiff does not mention the Regulation, nor does she attempt to establish good cause for the failure to submit this evidence to the ALJ, other than appearing to argue

that she didn't seek this opinion previously because she was not aware that the ALJ would "unexpectedly" deny her Application. (Doc. 26 at 19). The Court does not find good cause here. Moreover, Dr. Cunningham's opinions are inherently less valuable because they were sought immediately after the ALJ had denied the claim. *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) ("Macri also contends that the Appeals Council erred by deciding that Dr. Hanbery's reports submitted after the ALJ issued his decision did not warrant a remand to the ALJ. We disagree because Dr. Hanbery's 1993 reports were issued after the Commissioner's decision, so they are less persuasive"); *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989) ("Dr. Bonneau's opinion is all the less persuasive since it was obtained by Appellant only after the ALJ issued an adverse determination"). As Plaintiff has not established good cause, there is no basis for remand here.

### D. The ALJ did not err in her discussion of the VE testimony.

Plaintiff's final argument is based on her assumption that the ALJ relied on VE testimony that assumed Plaintiff would be granted an accommodation in the form of special furniture due to her weight. (Doc. 26 at 20). Plaintiff reasons that her attorney noted in his opening statement, without citing any support in the medical record, that Plaintiff's weight would necessitate her use of a bariatric chair at any workplace. (*Id.*) Plaintiff states in her Opening Brief that there is no dispute that she weighs more than 400 pounds and that "standard chairs are generally suitable for up to 242.5 pounds." (*Id.* at 21). Plaintiff provides citation to a forestry magazine article which states that a bariatric chair, as opposed to a laminated wood-based chair, would be needed for anyone weighing over 242.5 pounds. (*Id.*) At the hearing, Plaintiff's attorney cross-examined the VE about whether an employer typically provides furniture for employees and whether a bariatric chair would be an accommodation. Plaintiff argues that the VE responded that a bariatric chair would be an accommodation provided by the employer. (AR 80). Plaintiff argues that the ALJ necessarily relied on this testimony when concluding that Plaintiff could perform her past work as a secretary and assumed that Plaintiff would be provided a bariatric chair accommodation at any future employment. (Doc. 26 at 22). She argues that

the reliance on this assumption constitutes harmful error.

Plaintiff's entire argument is speculation. As an initial matter, when questioned about whether Plaintiff would require a bariatric chair accommodation, and whether that accommodation would have to be provided by an employer, the VE stated "I don't know what a bariatric chair is." (AR 80). After Plaintiff's counsel explained his understanding of what a bariatric chair was, the VE stated, "Like an ergonomic chair or something. I see. It is not something the employer would have to accommodate to hire, no. Employers usually provide the furniture. It would require some kind of accommodation." (*Id.*) It is this statement that Plaintiff asserts that the ALJ relied upon in rendering her decision.

However, the ALJ's opinion does not discuss a bariatric chair accommodation at all, and the Court does not find any basis to conclude that the ALJ relied on the above discussion in arriving at her step four finding. At step four of the sequential evaluation for disability determinations, the ALJ must determine whether, in light of Plaintiff's RFC, she can return to past substantial gainful activity. 20 C.F.R. § 416.920(e). At step four, "*the claimant* has the burden to prove that he cannot perform his prior relevant work either as actually performed or as generally performed in the national economy." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (emphasis added).

Plaintiff failed to establish that she could not perform past relevant work, and thus the ALJ found that she could return to her past work as a secretary, in addition to several other jobs that exist in the national economy. (AR 24). Plaintiff cannot now attempt to present evidence of the need for a bariatric chair accommodation when there is no mention of this accommodation in any of the medical records. Nor can she fault the ALJ for relying on a bariatric chair accommodation when it is not mentioned at all in her decision. Moreover, ALJ's are not allowed to consider whether a reasonable accommodation would allow a claimant to return to work. *See Loop v. Colvin*, 651 F. App'x 694, 696 (9th Cir. 2016) ("the possibility of reasonable accommodation may not be taken into consideration in the determination whether a Social Security claimant is disabled."). There is no indication the ALJ made assumptions based on the VE testimony. Plaintiff's argument is

speculative only. There is no basis for the Court to find error here.

**IV.   Conclusion**

The Court finds that substantial evidence supports the ALJ's nondisability determination. The ALJ properly considered the medical evidence of record and properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence. There is no other basis to remand this matter. Therefore, the Court finds that the ALJ did not err in her decision, which is based on substantial evidence. *See Orn*, 495 F.3d at 630.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 5th day of November, 2021.

Honorable Diane J. Humetewa
United States District Judge